HOUSTON & TEXAS CENTRAL RAILWAY COM·
PANY v. T. C. CALDWELL.

In Banc, December 17, 1910.

**JURISDICTION:** Garnishment Against Railroad Employees: No
Judgment. A railroad company is not liable to garnishment
on account of the wages of its employees where the debt sued
for is less than $200, until judgment is rendered against the
employee. Therefore a justice of the peace exceeds his jur·
isdiction in undertaking to hold a railroad company under his
process of garnishment in an attachment suit instituted in his
court against a non-resident employee served by publication,
where the employee's debt is less than $200 and no judgment
has been rendered against him.

## Prohibition.

PEREMPTORY WRIT AWARDED.

*Douglass & Watson* for relator.

(1) Under the agreed statement of facts, the de··
fendant had no jurisdiction, for the reason that plain-·
tiff was not so engaged in business in this State as to
make its obligations, which were payable in Texas,
"property, money, credits or effects" found in Jack·
son county, Missouri, as provided in said section 3840.
Douglass v. Insurance Co., 138 N. Y. 209; Renier v.
Hurlburt, 81 Wis. 24; Reiners v. Manf. Co., 70 Fed.
573; Swedish Nat'l Bank v. Bleecker, 75 N. W. 740;
Williams v. Maies, 72 Conn. 430; Railroad v. Bruison,

109 Ga. 354; Railroad v. Nash, 118 Ala. 477, 20 Cyc. 1036; Railroad v. Steiner, 128 Ala. 353; Waples on Attachment, sec. 6, p. 227; Bowen v. Pope, 125 Ill. 28; Ward v. Boyce, 152 N. Y. 191; Noble v. Atl. Co., 79 Pa. St. 354; Ins. Co. v. Hettler, 37 Neb. 849. (2) It is conceded in the agreed statement of facts herein, that defendant is proceeding to take jurisdiction in these cases in violation of said Secs. 3447 and 3448, R. S. 1899. Hence, if these sections are valid, the writ of prohibition must be made final.

*Piatt, Lea & Wood* and *Harvey C. Clark* for respondent.

Debts have no situs. They are subject to attachment and garnishment wherever the owner can sue the debtor. R. S. 1899, secs. 366, 384, 388, 3437 and 3890; Wyeth v. Lang, 127 Mo. 242, 54 Mo. App. 147; Dinkins v. Woodenware Co., 99 Mo. App. 317; Howland v. Railroad, 134 Mo. 474; Sturm v. Railroad, 174 U. S. 710; King v. Cross, 175 U. S. 396; Harris v. Balk, 198 U. S. 215; Railroad v. Thompson, 31 Kan. 180; Harvey v. Railroad, 50 Minn. 405; Rood on Garnishments, secs. 242 and 245; Black on Judgments, secs. 593, 857, 859 and 923; Minor on Conflict of Laws, sec. 125; Tootle v. Coleman, 107 Fed. 41; Morgan v. Neville, 74 Pa. St. 52; Savin v. Bond, 57 Md. 228; Natl. Ins. Co. v. Chambers, 53 N. J. Eq. 468; Lancashire Ins. Co. v. Corbetts, 165 Ill. 592; Embree v. Hanna, 5 Johns. 101; Hull v. Blake, 13 Mass. 153; Harwell v. Sharp, 85 Ga. 124; Newfelder v. Ins. Co., 6 Wash. 341; Mooney v. Railroad, 60 Ia. 346; Berry v. Davis, 77 Tex. 191; Nichols v. Hooper, 61 Vt. 295; Railroad v. Adams, 60 L. R. A. 396; Holland v. Railroad, 84 Tenn. 414; Pomeroy v. Rand, 157 Ill. 176; Newland v. Reilly, 85 Mich. 151; Felt Mill v. Blonding, 17 R. I. 297; Cohoon v. Morgan, 38 Vt. 236; Goodwin v. Claytor, 67 L. R. A. 209.

PER CURIAM.—This is an original proceeding in this court, the purpose of which is to obtain a writ of prohibition directed to the respondent, a justice of the peace in Jackson county, to prohibit him entertaining jurisdiction in certain attachment suits instituted in his court against certain employees of the relator, the railroad company, wherein the defendants in those suits are non-residents, and are served only by publication of notice, and wherein it is sought to reach their wages by process of garnishment served on the railroad company in this State.

There is a question raised in the pleadings in reference to the validity of the constable's return of the process of garnishment on the relator, but it will be unnecessary to decide that question because, even if it should be admitted that the service was otherwise sufficient, the railroad company is not liable to garnishment on account of the wages of its employees where the debt sued for (as in each of the cases mentioned in the pleadings) is less than $200, until judgment is rendered against the employee. [Secs. 3447 and 3448, R. S. 1899; now secs. 2427 and 2428, R. S. 1909.] Therefore, the justice of the peace exceeded his jurisdiction when he undertook to hold the railroad company under his process of garnishment in the cases mentioned.

It is contended on the part of the justice of the peace that the above named sections of our statutes are unconstitutional, but this court has very recently considered that subject and has decided that those were valid and constitutional sections. [White v. M. K. & T. Ry. Co., 230 Mo. 287.] On the authority of that case we hold that the respondent has no authority to entertain jurisdiction in the cases mentioned in the pleading, and the writ of prohibition as prayed is therefore awarded.